IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CR-01-181-R ) |
| DONTE ORMOND WARD, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Donte Ormond Ward's ("Defendant") Motion for Appointment of Counsel. Doc. No. 1179.

Defendant was originally convicted and sentenced for conspiracy to possess with intent to distribute—and distribution of—PCP, 21 U.S.C. § 846; possession with intent to distribute PCP, 21 U.S.C. § 841(a)(1); and aiding and abetting, 18 U.S.C. § 2. Doc. No. 975. On September 7, 2016, pursuant to 18 U.S.C. § 3582, Defendant's sentence was reduced from 460 months of total imprisonment to 360 months of total imprisonment based on Amendment 782 to the United States Sentencing Guidelines. Doc. No. 1160.

On August 8, 2019, Defendant requested appointment of counsel to aid in preparing a motion under the First Step Act of 2018. Doc. No. 1166. This Court then entered an Order appointing a Federal Public Defender "to represent [the Defendant] in all further proceedings unless and until relieved by order of the Court" because he was "financially unable to obtain counsel." Doc. No. 1169. However, no motions have been filed since the Court's Order.

Although the Court previously granted a motion for appointment of counsel and no motion was ever filed, the filing of any motion on Defendant's behalf would have been futile. The First Step Act of 2018 retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010 ("FSA of 2010"). *See* First Step Act § 404(a); *see, e.g.*, *United States v. Lee*, No. 10-20182-01-KHV, 2019 WL 4393020, at *1 (D. Kan. Sept. 13, 2019) ("Fair Sentencing Act reduced the amount of *cocaine base* needed to trigger certain statutory minimum and maximum sentences.") (emphasis added). "Section 404(a) defines a 'covered offense' as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA of 2010], that was committed before August 3, 2010.'" *United States v. Denny*, No. CR 04-666 JAP, 2020 WL 475387, at *3 (D.N.M. Jan. 29, 2020). A district court lacks jurisdiction to grant a reduction when the Defendant's conviction is not a "covered offense" under Section 404(a). *Id.* at *5; *see also United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) ("A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.").

Possession of PCP is not a covered offense within Section 404(a). *Denny*, 2020 WL 475387, at *5 (D.N.M. Jan. 29, 2020) (explaining that the FSA of 2010 only applies to cocaine base offenses). Accordingly, Defendant's offense is not a "covered offense" and thus, any motion filed on Defendant's behalf would have been futile. For this reason, the Court's prior Order appointing Defendant a Federal Public Defender is hereby RELIEVED.

Additionally, Defendant again seeks counsel "to represent and assist [him] in filing for [ ] compassionate release." Doc. No. 1179. However, "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Olden*, 296 F. App'x 671, 673 (10th Cir. 2008). In *Olden*, the Tenth Circuit explained that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction...." *Id.* at 674 (citing *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied,* 129 S. Ct. 134 (2008)). Rather, it is in the Court's discretion whether to appoint counsel, *id.*, and the Court does not find appointment of counsel necessary at this time. Because no right to counsel exists when a Defendant brings a motion for compassionate release, and the Court elects not to exercise its discretion to appoint counsel, the Defendant's Motion for Appointment of Counsel, Doc. No. 1179, is hereby DENIED.

**IT IS SO ORDERED** on this 11th day of March 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE