UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-01-181-R |
| | ) |
| DONTE WARD, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Donte Ward's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 1204], to which the United States responded in opposition [Doc. No. 1216]. Defendant is currently serving a 360-month sentence of imprisonment for numerous drug-related crimes in connection with a conspiracy to distribute PCP. He now argues that his medical condition presents an extraordinary and compelling reason to reduce his sentence.

The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court may reduce a sentence if the defendant has administratively exhausted his claim[1] and "meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the

---

[1] The United States does not dispute that Defendant administratively exhausted his claim.

factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing *McGee*, 992 F.3d at 1042). "If any of the requirements are lacking, the district court may deny the motion without addressing other factors." *Id.* Importantly, the defendant bears the burden of showing that extraordinary and compelling reasons are present. *United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020).

Here, the Court denies Defendant's motion because he has not demonstrated an extraordinary and compelling circumstance warranting a sentence reduction. Defendant asserts that his medical condition qualifies as an extraordinary and compelling circumstance. More specifically, Defendants notes that he had neurosurgery for a meningioma (a tumor in the tissue covering the brain and spinal cord) on November 2, 2022 and underwent a period of rehabilitation to regain his speech and mobility. He has also experienced seizures, for which he takes medication, an enlarged thyroid, which is being monitored, and several other conditions, including high blood pressure, obesity, ear infections, and asthma.

The Sentencing Commission's policy statement on compassionate release indicates that a Defendant's medical circumstances may rise to the level of extraordinary and compelling when one of the following is present:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—

> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> >
> > (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1). Although the medical records submitted by Defendant confirm that he has been diagnosed with several medical conditions, he has not met his burden of showing that his medical circumstances meet these criteria.

First, Defendant does not contend that he is suffering from a terminal illness such that § 1B1.13(b)(1)(A) might apply. Second, although at least some of Defendant's medical conditions might fairly be described as serious, he has not shown that these conditions substantially diminish his ability to provide self-care within the environment of a correctional facility. Defendant's medical records indicate that he experienced decreased verbal functions and right sided paralysis following his neurosurgery, that he received speech language and occupation therapy, and that he experienced an improvement in his symptoms. In evaluating Defendant's request for compassionate release, the BOP concluded that Defendant remained independent with self-care and Defendant has not pointed to any medical records or evidence indicating otherwise. Last, although Defendant appears to be dealing with several potentially serious medical conditions, he has not

pointed to any evidence establishing that he is not receiving the long-term or specialized medical care that he needs.[2] On the contrary, the medical records in this case suggest that he has received comprehensive and ongoing care for his conditions.

After reviewing the extensive medical records submitted in this case, the Court concludes that Defendant's medical conditions, even when considered in combination, do not qualify as an extraordinary and compelling reason to reduce his sentence. *See United States v. Ligon*, No. 19-CR-156 (DRH), 2022 WL 939741, at *3 (E.D.N.Y. Mar. 29, 2022) (finding that defendant had not presented extraordinary and compelling circumstances where his hypertension and history of meningioma were being appropriately addressed); *United States v. Lambert*, No. 1:16-CR-090, 2020 WL 6741311, at *3 (S.D. Ohio Nov. 17, 2020), aff'd, No. 20-4234, 2021 WL 2104503 (6th Cir. Mar. 31, 2021) (finding that defendant's medical conditions, which included meningioma, hypertension, obesity, and others, "are not extraordinary"); *United States v. Demniak*, No. 2:20-CR-00063, 2021 WL 5324035, at *6 (W.D. Pa. Nov. 16, 2021) (finding that defendant's medical conditions, which included a history of cancer, hypertension, and meningioma, did not rise to the level of extraordinary and compelling); *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding that "commonplace" condition like hypertension is not extraordinary).

---

[2] Defendant's motion indicates that he was recently taken to the hospital to complete a biopsy on his thyroid. However, he has not provided the results or any additional information suggesting that this more recent development has impacted his ability to establish an extraordinary and compelling circumstance. Because Defendant's motion is denied without prejudice, he may file a renewed motion should his medical condition change.

Additionally, the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction. Defendant was involved in a drug conspiracy that involved a significant amount of PCP and guns. This conduct warrants a substantial sentence. Defendant's disciplinary record while incarcerated also includes a number of serious infractions, which further counsels against a sentence reduction. After considering all of the § 3553(a) factors, and particularly the nature and circumstances of the offense, Defendant's history and characteristics, and the need to reflect the seriousness of the offense and provide just punishment for the offense, the Court concludes that a reduction to Defendant's sentence is not warranted.

Accordingly, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 1204] is DENIED.

IT IS SO ORDERED this 6th day of February, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE